**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

In re: GRAND JURY SUBPOENAS,
served on WHITE & CASE LLP,
LIEFF, CABRASER, HEINEMANN,
BERNSTEIN LLP, K&L GATES LLP,
and NOSSAMAN LLP,

——————————————

UNITED STATES OF AMERICA,
                    *Appellant.*

No. 10-15758

D.C. No.
3:10-xr-90029-SI

OPINION

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted
November 3, 2010—San Francisco, California

Filed December 7, 2010

Before: John T. Noonan and Richard A. Paez,
Circuit Judges, and Kevin Thomas Duffy,
District Judge.*

Opinion by Judge Noonan

———————————————————————

*The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

## COUNSEL

James J. Fredricks, United States Department of Justice, Washington, D.C., for appellant the United States.

Christopher M. Curran, Washington, D.C., White & Case, LLP, for White & Case, LLP., et al.

---

**OPINION**

NOONAN, Circuit Judge:

The United States appeals an order of the district court quashing certain subpoenas directed to the respondent law firms named in the caption of the case (the Law Firms). The subpoenas sought nonprivileged material in aid of a grand jury investigating the clients of the Law Firms. The material had been obtained by the firms as a result of civil discovery in an antitrust suit. Holding that the district court abused its discretion, we reverse its order.

BACKGROUND

In 2006, the United States was conducting an antitrust investigation into alleged criminal conduct. Soon afer this investigation became public, a number of civil suits were filed by private plaintiffs against the companies under investigation. These suits were consolidated in the Northern District of California before District Judge Illston. The litigation resulted in the production by the civil defendants of documents originating outside the United States. The documents at issue here came into the possession of the Law Firms in the United States.

In this case the United States subpoenaed these documents. Invoking Federal Rule of Criminal Procedure 17, the Law Firms moved to quash. The district court stated that it found no authority governing the case. It concluded: "However, because the motions to quash raise novel issues with potentially far-reaching implications about the power of the grand jury and the relationship between grand jury proceedings and

civil discovery of unindicted foreign defendants, the Court finds it is more prudent to quash the subpoenas and allow the DOJ to raise these issues on appeal to the Ninth Circuit."

This appeal followed.

## ANALYSIS

On appeal, the Law Firms argue that the district court exercised its discretion under Fed. R. Evid. 17 to quash the subpoenas and that the court of appeals should respect its reasonable exercise of discretion. We do not read the district court's decision as an exercise of discretion but as a passing of the decision to this court. We are not reviewing an exercise of discretion but a request for guidance.

[1] No collusion between the civil suitors and the government has been established or even suggested by the Law Firms. Indeed, the district court determined that the government had not engaged in any bad faith tactics. Moreover, the Law Firms do not claim that the documents are privileged. Accordingly, we apply our per se rule that a grand jury subpoena takes precedence over a civil protective order. *In re Grand Jury Supboenas Served on Meserve, Mumper & Hughes*, 62 F.3d 1222, 1226-27 (9th Cir. 1995.) By a chance of litigation, the documents have been moved from outside the grasp of the grand jury to within its grasp. No authority forbids the government from closing its grip on what lies within the jurisdiction of the grand jury. *See* 18 U.S.C. § 3332.

[2] For this reason, the order of the district court is REVERSED. The subpoenas may be enforced.